**FILED**
**April 14, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**The State of West Virginia and the
Hurricane Police Department,
Plaintiffs Below, Respondents**

**vs.) No. 21-0296** (Putnam County 20-C-156)

**Timothy L. Taylor, Jr., and United
States Currency in the amount of
$3,855.00,
Defendants Below, Petitioner**

## MEMORANDUM DECISION

Self-represented petitioner Timothy L. Taylor, Jr. appeals the March 16, 2021, order of the Circuit Court of Putnam County granting Respondent State of West Virginia's motion for default judgment and declaring that the $3,855.00 the State seized from petitioner was forfeited to the State. The State, by counsel Kevin E. Lawson, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 29, 2020, the State filed a petition for forfeiture in the Circuit Court of Putnam County alleging that, on July 4, 2020, Patrolman Evan Wilson of the Hurricane Police Department stopped petitioner's vehicle near Exit 34 on I-64 "due to an expired State inspection sticker and there being no matching record for the registration plate." Patrolman Wilson approached the vehicle and noted the smell of marijuana. Upon searching the vehicle, he found a bag of marijuana in the driver's side-door handle, "a large amount of United States currency

1

partially hanging from [petitioner]'s pants pocket," additional marijuana elsewhere in the car, "additional United States currency, digital scales, a firearm, two cell phones[,] and ammunition." Pursuant to the West Virginia Uniform Controlled Substances Act, West Virginia Code §§ 60A-1-101 to -11-6, Patrolman Wilson seized, in total, $3,855.00 in United States currency from the vehicle. Patrolman Wilson thereafter provided petitioner with an administrative forfeiture notice pursuant to the West Virginia Contraband Forfeiture Act, West Virginia Code §§ 60A-7-701 to -708.[1] Petitioner acknowledged his receipt of the notice by signing it.

Petitioner filed a response to the State's forfeiture petition on October 23, 2020. Thereafter, the circuit court set an evidentiary hearing on the petition for March 10, 2021, at 10:00 a.m. When petitioner failed to appear for that hearing, the State asked that it be granted a default judgment. The circuit court granted the State's motion, finding that, despite petitioner's failure to appear for the March 10, 2021, hearing, "[petitioner] was present when the hearing date and time were scheduled," and petitioner "called earlier in the week and knew of the scheduled hearing time." Accordingly, the circuit court ordered that the $3,855.00 seized by Patrolman Wilson was forfeited to the State.

On the day following the hearing, March 11, 2020, petitioner contacted the circuit court and stated that a medical emergency caused his failure to appear for the March 10, 2020, hearing. The circuit court instructed petitioner to file a motion to set aside the default judgment. Petitioner did not file a motion to set aside the default judgment. Instead of filing a motion to set aside the default judgment, petitioner appealed the circuit court's March 16, 2021, order granting default judgment on April 13, 2021.

"Appellate review of the propriety of a default judgment focuses on the issue of whether the trial court abused its discretion in entering the default judgment." Syl. Pt. 1, *Beane v. Dailey*, 226 W. Va. 445, 701 S.E.2d 848 (2010) (quoting Syl. Pt. 3, *Hinerman v. Levin*, 172 W. Va. 777, 310 S.E.2d 843 (1983)). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the circuit court abused its discretion in granting the State's motion for default judgment. The State counters that the entry of default judgment in its favor should be upheld.

Because petitioner not only failed to appear for the March 10, 2021, hearing but also failed to follow the circuit court's instruction to file a motion to set aside the default judgment, we initially address whether the circuit court abused its discretion in entering the default judgment in the State's favor at the March 10, 2021, hearing. Pursuant to Syllabus Point 2 of *Perdue*, we find that petitioner cannot show that the circuit court abused its discretion in granting the State's motion for default judgment. Based upon on our review of the record, we concur with the circuit court's

---

[1]The West Virginia Contraband Forfeiture Act constitutes article 7 of the West Virginia Uniform Controlled Substances Act.

finding that petitioner failed to appear for the March 10, 2021, hearing despite contacting the court shortly before the March 10, 2021, hearing, to confirm the hearing date and time. Therefore, we conclude that the circuit court properly entered default judgment in the State's favor following petitioner's failure to appear for the March 10, 2021, hearing.

Next, petitioner does not dispute that the circuit court instructed him to file a motion to set aside the default judgment. Rather, petitioner argues that this Court should treat the instant appeal as an appeal from the denial of "such [a] motion" and notes that he submitted evidence that he experienced a medical emergency on March 10, 2021, with his appeal.[2] We reject petitioner's argument. As we have held, "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, *including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal*," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." (Emphasis added.)

The State compares petitioner's appeal to that of the self-represented defendant in *Beane* who also appealed a default judgment. The petitioner in *Beane* was unaware that filing a motion to set aside the default judgment pursuant to Rule 55(c) of the West Virginia Rules of Civil Procedure was "the better practice." 226 W. Va. at 447, 701 S.E.2d at 850. This Court treated the appeal "as though the defendant was denied relief under Rule 55(c)."[3] 226 W. Va. at 447, 701 S.E.2d at 850. We agree with the State that *Beane* is distinguishable because, in petitioner's case, the circuit court advised petitioner of the proper procedure. That is, petitioner knew that he needed to file a Rule 55(c) motion to set aside the default judgment, but he failed to do so.

We further find that *Beane* and the instant case are distinguishable for an additional reason. This Court in *Beane* found that we did not need to undertake the *Parsons* analysis[4] for determining whether the default judgment should be set aside given that the default judgment in *Beane* "[was]

[2]According to a clinical summary report included in the appellate record, petitioner had x-rays taken of a sprained ankle at a MedExpress at approximately 10:00 a.m. on March 10, 2021.

[3]Rule 55(c) of the West Virginia Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b) [of the Rules of Civil Procedure]."

[4]In Syllabus Point 5 of *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006), we held that, "[i]n addressing a motion to set aside a default judgment, 'good cause' requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp*[*oration*], 163 W.Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied."

void because the trial court did not have personal jurisdiction over the defendant." *Id.*[5] Here, while petitioner argues that the default judgment should be reversed, he never asserts that it was void for a lack of jurisdiction, or any other reason. Therefore, as this case is distinguishable from *Beane*, we decline, pursuant to Syllabus Point 2 of *Sands* and Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, to treat this appeal as an appeal from the denial of a motion to set aside a default judgment.

For the foregoing reasons, we affirm the circuit court's March 16, 2021, order granting the State's motion for default judgment.

Affirmed.

**ISSUED:** April 14, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

---

[5]As we explained in *Beane v. Dailey*, 226 W. Va. 445, 701 S.E.2d 848 (2010), "[a] default judgment rendered without personal jurisdiction is void and, therefore, is a per se abuse of discretion if the trial court that entered the judgment lacked jurisdiction." *Id.* at 447-48, 701 S.E.2d at 850-51 (internal quotations and citations omitted).